[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12328
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2010
JOHN LEY
CLERK

Agency No. A099-538-760

LI BIN CAO-YI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 25, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Lin Bin Cao, a native and citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals's ("BIA") order dismissing his appeal from the immigration judge's ("IJ") denial of his application for asylum and

withholding of removal under the Immigration and Nationality Act ("INA"), 8

U.S.C. §§ 1158(a) and 1231(b)(3), and relief under the United Nations Convention

Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment

("CAT"), 8 C.F.R. § 208.16(c).  On appeal, Cao argues that BIA erred in

upholding the IJ's adverse credibility determination based on inconsistencies

between his testimony and the documentary evidence.  Specifically, Cao contends

that the two inconsistencies cited by the BIA were not central to his claims for

relief and do not constitute specific, cogent reasons for discrediting his testimony.

In contrast, Cao maintains that he offered credible and consistent testimony

demonstrating that there is a clear probability that he will be persecuted and

subjected to harsh punishment on account of his Christian faith if removed to

China.

When the BIA issues a decision, we review only that decision, except to the

extent that the BIA expressly adopts the IJ's opinion.  Kueviakoe v. U.S. Att'y

Gen., 567 F.3d 1301, 1304 (11th Cir. 2009).  Here, because the BIA issued its own

opinion without adoption, upholding the IJ's adverse credibility determination, we

review only the BIA's decision.  See id.

Factual determinations, including credibility determinations, are reviewed

under the substantial evidence test, which requires us to affirm the BIA's decision

if it is "supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1281, 1286 (11th Cir. 2005) (quotation omitted). Under this "highly deferential" standard of review, an administrative factual finding can be reversed only if the record "compels" a contrary conclusion. Adefemi v. Ashcroft, 386 F.3d 1022, 1027-29 (11th Cir. 2004) (en banc).

An asylum applicant bears the burden of showing, with specific and credible evidence, either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). To qualify for withholding of removal under the INA, an alien must satisfy the more stringent standard of demonstrating that it is "more likely than not that [he] will be persecuted or tortured" upon return to his native country. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). Likewise, CAT relief demands a showing that it is more likely than not that an alien will be tortured in his home country by or with the acquiescence of the government. Sanchez v. U.S. Atty Gen., 392 F.3d 434, 438 (11th Cir. 2004). Moreover, if an applicant is unable to meet the well-founded fear standard for asylum, "he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Forgue, 401 F.3d at 1288 n.4.

An adverse credibility determination alone may be sufficient to support a

3

denial of asylum or withholding of removal, especially if the alien fails to produce corroborating evidence. Kueviakoe, 567 F.3d at 1304-05. Pursuant to the REAL ID Act of 2005, which applies to applications for asylum and withholding of removal filed after May 11, 2005, a credibility determination may be based on any inconsistencies, inaccuracies, or falsehoods, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); Kueviakoe, 567 F.3d at 1305. Once an adverse credibility determination is made, the burden is on the applicant "to show that the credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Kueviakoe, 567 F.3d at 1305 (quotation omitted).

Because Cao's testimony directly conflicted with two articles of documentary evidence, substantial evidence supports the BIA's adverse credibility determination. Cao's claims for relief hinged on the credibility of his testimony, but the record neither supports nor compels the conclusion that Cao was persecuted or possessed a well-founded fear of persecution on account of his religion. Cao has thus failed to establish eligibility for asylum and, by extension, to satisfy the more stringent burdens for withholding of removal and CAT relief. Upon review of the record and consideration of the parties' briefs, we deny Cao's petition for review.

**DENIED.**

4